### DEPUTY CORONERS.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL BINYON, v. HOUCK ET AL.

Decided, November 4, 1908.

*Office and Officer—A Deputy Coroner is not an Officer—Quo Warranto —Section 1209a.*

A deputy coroner, appointed under the provisions of Section 1209*a*, is not an officer, and quo warranto will not lie to determine his right to hold the position.

*Williams Howells,* for relator.
*M. P. Mooney,* contra.

MARVIN, J.; HENRY, J., concurs; WINCH, J., not sitting.

This proceeding is brought to test the right of Dr. Houck to hold the position of deputy coroner for Cuyahoga county. The right to proceed in quo warranto depends upon the question of whether the position held by Dr. Houck is an office, under the laws of the state of Ohio.

Dr. Houck was appointed to the position named by the coroner of the county. The appointment was made pursuant to Section 1209a of the Revised Statutes of Ohio. This section provides, that the coroner in a county having a city of the first class of the second grade may appoint a deputy coroner, who shall have power to do and perform all the duties imposed by law upon the coroner of said county, in his absence, at a salary not to exceed $1,500 per annum.

If the deputy coroner, herein provided for, is an officer, after such appointment, quo warranto is the proper proceeding to test his right to hold the office. It will be noticed that no *duties* are, in terms, imposed upon the deputy coroner, and that the *authority* given him is to perform the duties, which under the general statutes are imposed upon the coroner. He has no independent duties whatever. Nor has he any independent authority, except that when the coroner is absent he may perform the coroner's duties. This seems to us clearly to indicate that his position is properly designated in the statute as that of a "deputy."

The word "deputy" is defined in Anderson's Law Dictionary as "one who acts officially for another"; "the substitute of an officer, usually a ministerial officer." The definition in Bouvier's Law Dictionary is "one authorized by an officer to execute an office or right which the officer possesses, for and in place of the latter."

The fact that the statute uses the word "deputy" is not necessarily controlling, but, as already said, the things which a deputy coroner may do, under the statute, being only to be done as a substitute for the coroner, that is to say, being only the things which it would be the coroner's duty to do if he was present, clearly make him a deputy only, and that being so, he seems clearly to be included in the general provisions of law relating to deputies. See Sections 9 and 10 of the Revised Statutes.

As against this, it is urged that this court in the case of *State, ex rel Vail,* v. *Craig,* 21 C. C. Rep., 175, held that certain parties holding positions as deputy supervisors of elec-

tions and a party holding a position as clerk of such deputy supervisors, were officers, and that this is in conflict with the present holding.

The statute under which the parties in that case claimed to hold, is found in 89 O. L., at pages 455 and 456. An examination of the statute will show that the duties imposed upon the deputy supervisors and the clerk were not to be performed in lieu of some other officer or officers, but are wholly independent, notwithstanding the title given to the supervisors is that of deputy supervisors, as the statute provides, in terms: "That there is hereby created the *offices* of state supervisor of elections and of deputy state supervisor of elections, with the powers and duties hereinafter prescribed for the conduct and supervision of all elections in this state, except for school directors and road supervisors." The fourth section of the statute provides: "for the election by the board of deputy supervisors of a chief deputy, and a clerk," and the duties of each are pointed out by the statute.

We think this clearly distinguishes the present case from that referred to. The conclusion is therefore reached that the party here sought to be removed is not an officer, and hence quo warranto can not be maintained against him, and the petition is dismissed.

Cause No. 4059, in which the same relator seeks to have Alice Lines removed from the position of stenographer, must be decided in the same way, because the reasons suggested in the cause against Dr. Houck apply with equal, if not greater force, to the defendant Lines, and the petition in that case is therefore dismissed.